# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC THOMAS HART,<br><br>Defendant. | Case No. CR09-3005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of February, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, E. Daniel O'Brien.

## RELEVANT FACTS

On February 19, 2009, Defendant Eric Thomas Hart was charged by Indictment (docket number 1) with one count of conspiracy to manufacture methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 27, 2009.

Cerro Gordo County Deputy Sheriff Matt Klunder, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying this charge. According to Deputy Klunder, Jeremy Branstad was indicted on drug charges and subsequently implicated Hart and his five codefendants. Branstad told authorities that Hart and the others provided pseudoephedrine pills for the purpose of making methamphetamine. The Defendants were paid in drugs or money.

1

A subsequent investigation by the task force resulted in documentation establishing that Hart purchased varying amounts of pseudoephedrine, including buying pills from different stores on the same date. According to Deputy Klunder, another cooperating individual will also implicate Hart in a conspiracy to manufacture methamphetamine.

According to the pretrial services report, Hart is 19 years old, has never been married, and has no children. He dropped out of school in the 9th grade and was incarcerated in the Cerro Gordo County Jail when arrested on the instant federal offense. Hart is in good physical health, but has some history of mental health problems.

Hart reported first using methamphetamine at age 16 and told the pretrial services officer that he used it two or three times per week until about February 2008. Hart has also abused prescription opiates and occasionally used marijuana. Hart was ordered to participate in substance abuse treatment through Prairie Ridge in Mason City, but was removed from the program "due to a poor attitude and lack of participation/progress."

In October 2007, Hart received a deferred judgment on a controlled substances charge in the Iowa District Court for Cerro Gordo County. In September 2008, however, Hart was found in violation of his probation, his deferred judgment was revoked, a ten-year suspended prison term was imposed, and as a condition of probation Defendant was ordered to reside at a residential facility. On January 27, 2009, a petition was filed alleging Hart was again in violation of his probation by not working to obtain his GED, not complying with substance abuse treatment, possessing a cell phone at the residential center, failing to turn in several of his paychecks to the residential center staff, and smoking on the premises. Defendant was arrested and held in the Cerro Gordo County jail. A hearing was held in the Iowa District Court on February 23, 2009 and Hart was apparently on his way back to the residential center when he was arrested on the instant charge.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to manufacture methamphetamine, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine. Two witnesses will implicate Hart in the conspiracy, with their testimony corroborated by documentary evidence. While Hart is only 19 years old, he has already been convicted of a felony and has violated his probation on two prior occasions. Defendant was on probation during a part of the time when the conspiracy is alleged in this case. Hart has demonstrated that he is unlikely to comply with any terms or conditions which the Court may impose.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 25, 2009) to the filing of this Ruling (March 2, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of March, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA